# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER R. HAYS, CITY OF SAN DIEGO,<br><br>    Defendants. | Case No. 16-cv-01161-BAS(DHB)<br><br>**ORDER GRANTING DEFENDANT CHRISTOPHER R. HAYS'S MOTION TO DISMISS**<br><br>**[ECF No. 21]** |

      Plaintiff Melanie Wilson commenced this action against Defendants Christopher R. Hays and the City of San Diego on May 13, 2016, alleging violations of her civil rights pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). This action arises from an incident in December 2013 where Plaintiff alleges Hays, a San Diego Police Department Officer at the time, sexually battered her after giving her a ride home and then taunted her for an hour and a half. Hays moves to dismiss Plaintiff's First Amended Complaint on the ground that the claim against him is time barred by the statute of limitations. (ECF No. 21.) Plaintiff opposes. (ECF No. 25.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Hays's motion to dismiss.

I. BACKGROUND

The San Diego Police Department ("SDPD") hired Christopher R. Hays as a sworn police officer in late 2009 or early 2010. (First Am. Compl. ("FAC") ¶ 24, ECF No. 19.) On December 23, 2013, at approximately 5:12 a.m., Plaintiff was out collecting items for recycling near the intersection of 50th Street and El Cajon Boulevard in San Diego, California. (*Id.* ¶ 38.) Earlier that morning, Plaintiff fought with her boyfriend, forgot her glasses, broke her flashlight, and got lost in an unfamiliar part of town. (*Id.*) Plaintiff admits she had used methamphetamine earlier that morning, but claims she was aware of what was happening around her. (*Id.*)

At around the same time she was collecting items for recycling, Plaintiff alleges that Hays—who was on duty in his SDPD uniform and driving a marked patrol car—approached Plaintiff and asked her what she was doing. (FAC ¶ 38.) Plaintiff replied that she was collecting items for recycling and explained to Hays what had happened to her earlier in the morning. (*Id.*) Hays offered Plaintiff a courtesy ride home. (*Id.*) Plaintiff accepted the offer, and Hays drove her to the address where she was staying. (*Id.*)

Once they arrived at the address, Plaintiff exited the car, and Hays immediately informed her that he needed to search her. (FAC ¶ 39.) Plaintiff consented to the search, despite Hays's lack of probable cause to conduct a search. (*Id.*) Hays, contrary to SDPD policy and procedure, did not then conduct a quick "pat down." (*Id.*) Rather, he allegedly touched Plaintiff "in a continuous motion," including "touching her breasts and vagina" and "lingering over every part of her body" for approximately three minutes. (*Id.*)

Following the search, Hays remained in the driveway for approximately an hour and a half. (FAC ¶ 40.) While in the driveway, Hays made various comments to Plaintiff, including questions about what color underwear she was wearing, racial comments about Plaintiff's Vietnamese boyfriend, and statements about his sexual preferences. (*Id.*)

Plaintiff alleges that she did not report the incident until she was contacted by SDPD detectives after January 1, 2014, because she feared no one would believe her. (FAC ¶ 40.) Moreover, the FAC alleges that Plaintiff suffered from—and continues to suffer from—a mental illness made worse by chronic drug use. (*Id.* ¶ 36.) This mental illness has allegedly caused Plaintiff to (i) become "incapable of caring for her property, or transacting business, or understanding the nature or effects of her acts," and (ii) lack "the legal capacity to make decisions." (*Id.*) On February 9, 2014, the SDPD arrested Hays for crimes committed against various women while Hays was on duty as a police officer. (*Id.* ¶ 35.) On February 18, 2014, the San Diego County District Attorney filed a criminal complaint against Hays, charging him with felonies and misdemeanors for the alleged crimes committed against Plaintiff and two other women while Hays was on duty. (*Id.*) Hays subsequently resigned from the SDPD on February 19, 2014. (*Id.*) On August 22, 2014, Hays pled guilty to one count of false imprisonment and two misdemeanor counts of assault under color of authority. (*Id.*)

Plaintiff alleges that Hays's actions on December 23, 2013, constitute a violation of her civil rights under the Fourth and Fourteenth Amendments of the U.S. Constitution. (FAC ¶ 41.) Plaintiff also alleges that as a result of Hays's conduct on December 23, 2013, Plaintiff suffered injury, including mental and emotional distress, humiliation, anxiety, and physical pain and suffering. (*Id.* ¶ 42.)

Previously, the City of San Diego and Hays moved to dismiss the claims in the Complaint on the ground that they were time barred by the statute of limitations. (ECF Nos. 4, 14.) The Court granted in part and denied in part the City's motion and

granted Hays's motion with leave to amend. *Wilson v. Hays*, --- F. Supp. 3d ---, 2017 WL 131817, at *10 (S.D. Cal. 2017). Plaintiff filed a First Amended Complaint on January 27, 2017. (ECF No. 19.) Hays now moves to dismiss Plaintiff's 42 U.S.C. § 1983 claim against him. (ECF No. 21.)

## II. LEGAL STANDARD

A motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have

violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a Rule 12(b)(6) motion, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Further, as a general rule, a court freely grants leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.*, 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

### III. DISCUSSION

Hays moves to dismiss Plaintiff's 42 U.S.C. § 1983 claim on statute of limitations grounds. (ECF No. 21.) "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (alteration in original) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

State law determines the length of the statute of limitations for a § 1983 claim. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, in California, the statute of limitations for a § 1983 claim is two years. *See* Cal. Code Civ. Proc. § 335.1; *Wallace*, 549 U.S. at 387; *see also, e.g.*, *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 956 (9th Cir. 2011) (applying California's two-year statute of limitations to §

1983 action). However, federal rules govern the accrual date of a § 1983 action, and under common-law tort principles accrual occurs "when the plaintiff has 'a complete and present cause of action.'" *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)). Finally, state law determines whether the limitations period was tolled for a § 1983 action. *See Bd. of Regents of Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 485–86, n.6 (1980) (discussing New York's codified tolling rules for the statute of limitations, such as tolling for infancy or imprisonment, in the context of a § 1983 action); *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003) ("State law governs the statutes of limitations for section 1983 actions as well as questions regarding the tolling of such limitations periods.").

As determined in the Court's prior order, under the federal accrual rule, Plaintiff's claim against Hays accrued on the same day that her injury occurred. *Wilson*, 2017 WL 131817, at *5. The claim is therefore time barred unless the statute of limitations can be tolled. *See Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012). Plaintiff argues that tolling is appropriate under section 352(a) of the California Code of Civil Procedure on account of her alleged mental illness. (Opp'n 2:9–3:2; *see also* FAC ¶ 36.) At the time of the alleged injury, section 352(a) allowed for the tolling of a statute of limitations "if a person entitled to bring an action . . . is, at the time the cause of action accrued either under the age of majority or insane . . . ." Cal. Code Civ. Proc. § 352(a) (amended 2015).[1] Courts defined "insane" under section 352(a) as being "incapable of caring for [one's] property or

---

[1] In 2015, section 352(a) was amended to substitute "insane" with "lacking the legal capacity to make decisions." *See* Cal. Code Civ. Proc. § 352; *see also Valentine v. City of Concord*, No. 16-cv-00279-MEJ, 2016 WL 2851661, at *4 n.2 (N.D. Cal. May 16, 2016) (discussing amendment). The Court observes that the amendment appears to have codified the prevalent definition of "insane" used by California courts—rather than make substantive changes to the requirements of section 352(a). *See* Legis. Counsel's Digest, Assemb. B. 1847, 2013–14 Reg. Sess. (Cal. 2014); *see also Valentine*, 2016 WL 2851661, at *4 n.2. Thus, because the changes to section 352(a) were non-substantive, the tolling analysis under either version of section 352(a) is the same. *See Valentine*, 2016 WL 2851661, at *4 n.2.

transacting business or understanding the nature or effects of [one's] acts." *Alcott Rehab. Hosp. v. Superior Court*, 93 Cal. App. 4th 94, 101 (2001) (quoting *Feeley v. S. Pac. Transp. Co.*, 234 Cal. App. 3d 949, 952 (1991)). Actual psychiatric illness does not need to be present to trigger tolling under section 352(a), "only some mental condition which renders the plaintiff incapable." *Feeley*, 234 Cal. App. 3d at 952.

Plaintiff alleges that for most of her life, including the time of the alleged incident with Hays, and "continuing on and off for discrete periods to this day," she suffered from a mental illness such that she was "incapable of caring for her property, or transacting business, or understanding the nature or effects of her acts, and lacked the legal capacity to make decisions." (FAC ¶ 36.) This allegation, by itself, is not enough to trigger tolling under section 352(a). *See Singer ex rel. Singer v. Paul Revere Life Ins. Co.*, No. cv 14-08700 MMM MRWX, 2015 WL 3970284, at *5 (C.D. Cal. June 30, 2015) (concluding that a formulaic assertion that the plaintiff "was incapable of caring for his property, transacting business or understanding the nature or effects of his acts" was insufficient to trigger tolling under section 352(a)). Plaintiff alleges no other facts within the FAC that would support a conclusion that Plaintiff was unable to care for her property, transact business, or understand the nature or effects of her actions. *See, e.g.*, *Moore v. Baca*, No. cv 10-4033-DDP JPR, 2011 WL 7658279, at *4 (C.D. Cal. Dec. 15, 2011) (finding that a single allegation that the plaintiff is "developmentally disabled and illiterate" was insufficient to trigger tolling); *see also Reyes v. Sotelo*, No. C 11-2747 YGR PR, 2012 WL 2993751, at *5–6 (N.D. Cal. July 20, 2012) (finding that a number of mental health assessments and accompanying treatment plans that included diagnoses were sufficient to raise a question of fact as to whether the plaintiff's claim should be tolled under section 352(a)). The allegations contained in the FAC are therefore insufficient to trigger tolling under section 352(a). Further, because Plaintiff does not adequately allege that the statute of limitations was tolled for her § 1983 claim against Hays, it is apparent

from the face of her pleading that this claim is time barred. *See Singer*, 2015 WL 3970284, at *5.

Accordingly, because Plaintiff's allegations demonstrate her claim against Hays is time barred, the Court grants Hays's motion to dismiss the FAC. *See* Fed. R. Civ. P. 12(b)(6); *Von Saher*, 592 F.3d at 969. The Court grants leave to amend the FAC because Plaintiff may be able to allege additional facts that would entitle her to a tolling of the statute of limitations, including under California Code of Civil Procedure section 352(a), but the Court cautions Plaintiff that she must allege facts supporting tolling for a sufficient period to make her claim timely. *See* Fed. R. Civ. P. 15(a); *see also Jones v. Jacobs*, No. C 11-1340 SI PR, 2011 WL 5320983, at *2 (N.D. Cal. Nov. 2, 2011) (finding evidence that only supported a few weeks of tolling was insufficient to account for six years of delay).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Hays's motion to dismiss (ECF No. 21). The Court dismisses Plaintiff's First Amended Complaint against Hays with leave to amend. If Plaintiff chooses to file a Second Amended Complaint, it must be filed no later than **May 3, 2017**.

**IT IS SO ORDERED**.

DATED: April 19, 2017

Hon. Cynthia Bashant
United States District Judge